WOLF, C.J.
Appellant raises five issues challenging his civil commitment under part V of chapter 394, Florida Statutes (commonly referred to as the “Jimmy Ryce Act”). We find none of the issues raised have merit, but we briefly -comment on one: whether Florida’s Jimmy Ryce Act which provides for involuntary civil commitment of sexually violent predators violates the Americans with Disabilities Act by failing to include the least restrictive alternatives to qualified persons with disabilities. Whilé we seriously question whether Congress intended the Americans with Disabilities' Act to provide protection to sexually violent predators, we find it is unnecessary to reach that issue because we find the following passage from Westerheide v. State, 831 So.2d 93 (Fla.2002), to be dispositive:
[T]he statutory definition of a sexually violent predator renders less' restrictive alternatives inapplicable...: The statute requires a determination by clear and convincing evidence that the person is a sexually violent predator,- that is, the person “[sjuffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment.” § 394.912(10)(b), Fla. Stat. (2001) (emphasis added). Thus; if the person is amenable to less restrictive alternative treatment he or she does not meet the statutory definition of a sexually violent predator and is not subject to commitment under the Ryce Act.
Id. at 103 (emphasis in original).
The decision of the trial court is affirmed.
VAN NORTWICK, J., concurs; ERVIN, J., concurs'with opinion.